# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABNER G. VEGA-RIVERA,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-0650 |
| v. | : | (JUDGE MANNION) |
| | : | |
| **SCOTT A. WOOLF,** | : | |
| | : | |
| Respondents | | |

## MEMORANDUM

Petitioner, Abner G. Vega-Rivera, an inmate confined in the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Agnew challenges a February 26, 2020 decision by the Pennsylvania Board of Probation and Parole, denying him parole. Petitioner claims the decision violated the Due Process Clause of the Fourteenth Amendment. Id. A response (Doc. 12) and traverse (Doc. 26) having been filed, the petition is ripe for disposition. For the reasons outlined below, the petition for writ of habeas corpus will be denied.

I.  **Background**

Petitioner was sentenced on January 9, 2017 to a four-to-eight-year term of imprisonment for Involuntary Deviant Sexual Intercourse of a Person Less than 15 Years of Age. (Doc. 12 at 25, Sentence Status Summary). The Department of Corrections determined his minimum date to be June 9, 2020 and his maximum date to be June 9, 2024. Id.

By Notice of Board Decision dated February 26, 2020, the Board denied Petitioner parole, based on the following:

> As recorded on February 26, 2020 the Board of Probation and Parole rendered the following decision in you case:
>
> Following an interview with you and a review of your file and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: You are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.
>
> Other factors deemed pertinent in determining that you should not be paroled:  Nature of Offense.
>
> You are to be reviewed in or after February 2022.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully participated in/successfully completed a treatment program for sex offenders.

>Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
>Whether you have maintained a clear conduct record.
>
>You may file an application for parole/reparole no sooner than 1 year after the date of the last decision denying parole/reparole was recorded.

(Doc. 12 at 29, Notice of Board Decision).

On April 21, 2020, Petitioner filed the instant petitioner for writ of habeas corpus in which he claims he was denied due process of law as guaranteed by the 14th Amendment to the United States Constitution and the Board denied him parole in retaliation for filing an administrative grievance and a state court PCRA petition. (Doc. 1 at 7).

## II.     Standard of Review

A challenge to the denial of parole is cognizable under 28 U.S.C. §2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under §2254). However, a federal district court may not grant parole or determine parole eligibility. Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time,

- 3 -

after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." Id.; see also Bridge v. U.S. Parole Comm'n, 981 F.2d 97 (3d Cir. 1992).

### III.     Discussion

Petitioner advances the argument that the Parole Board's denial amounted to a violation of his right to due process. (Doc 1). Respondent argues that the petition should be denied because there is no indication that the Parole Board abused its discretion by acting arbitrarily or capriciously in denying Petitioner parole. (Doc. 12).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV §1. It is well settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a

clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

"Since a discretionary decision of the Parole Board denying an inmate early parole does not implicate any constitutionally [or state] protected liberty interest, the scope of federal judicial review of these decisions is necessarily quite limited." Diehl-Armstrong v. Pa. Bd. of Prob. & Parole, No. 13-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the Court must evaluate whether the Parole Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236; Bonsall v. Gillis, 372 F. Supp. 2d 805, 807 (M.D. Pa. 2005). "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487. The "relevant

level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent'." Hunterson v. DiSabato, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Petitioner has not established that the February 26, 2020 denial of parole amounted to an unreasonable exercise of the Parole Board's discretion. No argument is made by Petitioner that the Parole Board based its decisions to deny him parole on arbitrary or impermissible criteria in violation of his substantive due process rights. Rather, it is apparent from the arguments raised in Petitioner's petition that he merely disagrees with the criteria the Parole Board relied upon to deny him parole. However, this challenge to the Parole Board's administrative decisions to deny Petitioner parole release is unavailing. See 61 Pa. C.S. §6137 (granting the Parole Board vast discretion to refuse or deny parole). The record clearly reflects that the Parole Board based its parole determinations on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. §6135; see McGinnis v. Royster, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his

rehabilitative progress before he is eligible for parole"). Under 61 Pa. C.S. §6135, the Parole Board must evaluate, among other factors: (1) the nature and circumstances of the offense, (2) any recommendations made by the trial judge and prosecuting attorney, (3) the general character and background of the inmate, (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed, and (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record.

Petitioner has not directed the Court to any factor relied upon by the Parole Board that could be described as conscience shocking or deliberatively indifferent. The fact that the Parole Board consistently relied on a combination of factors to deny Petitioner parole, alone, does not rise to the level of conscience shocking behavior that could give rise to a substantive due process claim. Ralston v. Dep't of Parole Prob., Civ. No. 12-1844, 2015 WL 1542480, at *5 (W.D. Pa. Apr. 7, 2015) (citing Gordon v. Wenerowicz, Civ. No. 10-1257, 2011 WL 5509538, at *4 (M.D. Pa. Nov. 10, 2011)). Therefore, because Petitioner has failed to meet his burden of demonstrating that the Parole Board abused its discretion, the Court will

deny the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

## IV.     Petition for Early Parole Hearing

In his request for relief, Petitioner requests the Court order the Pennsylvania Department of Probation and Parole ("Parole Board") to conduct a new assessment for Petitioner and grant parole. (Doc. 1).

It is clear from Petitioner's petition that he is not entitled to habeas relief, as this Court does not have jurisdiction to grant his requested relief. Federal district courts are courts of limited jurisdiction, and "[t]he sole inquiry for habeas jurisdiction is whether granting the petition as to the claim would necessarily imply a change to the fact, duration, or execution of the petitioner's sentence." Velazquez v. Superintendent Fayette SCI, 937 F.3d 151, 157 (3d Cir. 2019). Here, Petitioner does not seek an order directing that he be paroled or otherwise released from custody—he seeks an order directing that he be provided with a parole hearing at an earlier date than the date offered by the Parole Board. However, the decision to grant or deny parole is entirely discretionary. DeFoy v. McCullough, 393 F.3d 439, 444 (3d Cir. 2005). Thus, not only is any decision regarding when to hold a parole hearing beyond the purview of the United States Constitution, see

Greenholtz, 442 U.S. at 7 (noting that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"), but, were the Court to grant the requested relief, such an order would not "necessarily imply a change to the fact, duration, or execution of the petitioner's sentence," Velazquez, 937 F.3d at 157, as the Parole Board could simply deny Petitioner parole. Consequently, Vega-Rivera's §2254 petition does not implicate this Court's habeas corpus jurisdiction, as his remedy lies with the Parole Board itself and his request should be directed to that entity.

### V.  Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because

reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA. Thus, the Court will decline to issue a certificate of appealability, as Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### VI.  Conclusion

In accordance with the foregoing, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. 1) will be denied.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 18, 2021**
20-0650-01